### COHEN v. NEW YORK EL. R. CO. et al.

(Supreme Court, Appellate Division, First Department. December 31, 1900.)

STREET RAILROADS—INJURIES TO ABUTTING PROPERTY—DAMAGES—AMOUNT—EMINENT DOMAIN.

> Plaintiff's property had a frontage of 19 feet and 8 inches, and an average depth of 62 feet, abutting on the street through which defendant's road ran. The building is an old two-story and attic brick building, which at first rented for $60 a month, but was reduced to $40, and the road is 7 feet therefrom. Communication with the lower part of the city is quicker by surface than by the elevated roads, and the plaintiff gets no benefit from the adjoining stations. *Held*, in an action for the damages caused to the property by the road, that fee damages of $3,500, and rental damages for a little over 13 years of $4,025, or $300 per year, were moderate, and sustained by the evidence.

Appeal from special term, New York county.

Action by Mary Venn Cohen against the New York Elevated Railroad Company and the Manhattan Railway Company for damages to abutting property. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Sidney Smith, for appellants.
Charles H. Strong, for respondent.

INGRAHAM, J. The premises owned by the plaintiff in this action are situated on the easterly side of Greenwich street, about 56 feet south of Hammond street. The lot has a frontage of 19 feet 8 inches on Greenwich street, and an average depth of 62 feet. Upon this lot is an old two-story and attic brick building. The plaintiff acquired the property by deed dated February 1, 1877, occupied the premises for a residence up to 1885, and since that time has rented the property. The elevated railroad structure is about seven feet from the building at its nearest point. The rent received by the plaintiff was at first $60 a month, but was subsequently reduced, when it was fixed at $40 a month, which is the present rental agreed to be paid, but the tenant is in considerable arrears of rent. The court allowed $3,500 for fee damages, and a total of $4,025 as rental damages; the period covered by this last award being upwards of 13 years, and the sum awarded being $300 per year. In consideration of all the testimony, we think these awards were moderate, and amply sustained by the evidence. The defendants complain of the size of this award for rental damages, but it must be considered that the period is over 13 years, and it certainly is not the fault of the plaintiff that she has been compelled to wait such a long

time before a trial of the action. The evidence is that the communication with lower part of the city by the surface roads is quicker than that of the elevated roads, and, in view of this fact, it is difficult to see what possible benefit to this property the elevated railroad can be. It certainly is no advantage to have a large number of people carried past her house each day between the upper and lower parts of the city, and she gets no benefit from adjoining stations.

We are satisfied, from all the testimony, that the awards were moderate, and the judgment should be affirmed, with costs. All concur.